IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAYSON BARRIERA-CAMACHO,<br><br>             Defendant. | CRIMINAL ACTION<br>NO. 15-371 |

## ORDER

**AND NOW**, this 8th day of October 2015, upon consideration of Defendant's Motion to Dismiss the Indictment (Doc. No. 14) and the Government's Response (Doc. No. 15), it is

**ORDERED** that Defendant's Motion to Dismiss the Indictment (Doc. No. 14) is **DENIED**.[1]

---

[1] Defendant Jayson Barriera-Camacho was convicted of one count of conspiracy to distribute narcotics in the United States District Court for the District of Puerto Rico. (Doc. No. 15 at 2.) On June 28, 2012, Defendant began a five-year period of supervised release pursuant to his sentence. (Doc. No. 14 at 3.) On March 25, 2013, jurisdiction of his supervised release was transferred to the Eastern District of Pennsylvania. (Id.) After being arrested more than once by Pennsylvania law enforcement officials, Defendant agreed to a modification of his supervised release. (Doc. No. 15 at 2.) The modification required Defendant to reside at a Residential Reentry Center ("RRC") for sixty (60) days. (Doc. No. 14 at 4.) Defendant was accepted to the Kintock RRC on June 22, 2015. (Id.) Defendant left the RRC on an employment pass on June 30, 2015. (Id.) He was due to return by July 1, 2015 at 2:00 a.m. (Doc. No. 15 at 3.) Defendant never returned. (Doc. No. 14 at 4.) On August 6, 2015, the Government indicted Defendant for escape. (Doc. No. 1.) The indictment states:

> On or about June 30, 2015, in Philadelphia, in the Eastern District of Pennsylvania, defendant JAYSON BARRIERA-CAMACHO, having been lawfully committed to the custody of the Attorney General as part of his sentence on a felony conviction in the United States District Court for the Eastern District of Pennsylvania, knowingly escaped from the institution and facility in which he was confined at the direction of the Attorney General, that is, defendant JAYSON BARRIERA-CAMACHO failed to remain within the limits of his confinement and to return within the time prescribed, when he did not return to the Kintock Residential Reentry Center, 301 E. Erie Avenue, Philadelphia, Pennsylvania, a residential community treatment center, as required by the conditions of his supervised release.

(Id.) The indictment alleges violation of 18 U.S.C. § 751(a), which provides:

> (a) Whoever escapes or attempts to escape from the <u>custody</u> of the Attorney General or his authorized representative, or from any institution or facility in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both; or if the custody or confinement is for extradition, or for exclusion or expulsion proceedings under the immigration laws, or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined under this title or imprisoned not more than one year, or both. (Emphasis added).

Motions to dismiss an indictment are governed by Federal Rule of Criminal Procedure 12(b)(3), which allows a defendant to challenge an indictment either by alleging that: (1) the indictment fails to allege an essential element of the crime; or (2) "the specific facts alleged . . . fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." United States v. Stock, 728 F.3d 287, 292 (3d Cir. 2013).

In his Motion, Defendant argues that he was not "in custody" as required by Section 751(a). Defendant urges the Court to follow the reasoning of the Ninth Circuit in concluding that the indictment fails to state a federal offense because Defendant was not in custody at the RRC. See United States v. Burke, 694 F.3d 1062 (9th Cir. 2012) (concluding that the defendant's escape from a halfway house was not an escape from custody within the meaning of Section 751(a)); United States v. Baxley, 982 F.2d 1265 (9th Cir. 1992) (interpreting residence at a halfway house as probation and stating, "if an individual violates probation, he is not tried for escape; rather, his probation is revoked and he can be indicted for escape only if he *thereafter* fails to report for custodial incarceration.").

Yet, as the Government notes, "[o]f the courts that have addressed the issue of whether post-conviction residence in an RRC constitutes custody, the Ninth Circuit is alone in its narrow definition of custody." (Doc. No. 15 at 7.) Since Burke, the Second, Eighth, and Tenth Circuits have ruled that a defendant ordered to reside at an RRC as a condition of post-conviction supervised release is in custody for purposes of Section 751(a). See United States v. Goad, 788 F.3d 873 (8th Cir. 2015) (holding that Section 751 covers "*any* custody under or by virtue of *any* process issued under the laws of the United States by *any* court, judge, or magistrate judge."); United States v. Foster, 754 F.3d 1186 (10th Cir. 2014) (holding that "court-ordered residence at a halfway house is sufficiently restrictive to constitute custody"); United States v. Edelman, 726 F.3d 305 (2d Cir. 2013) (holding that residence in a halfway house as a condition of post-incarceration supervised release is "custody" for purposes of Section 751(a)). The Third Circuit has yet to address this specific issue.

BY THE COURT:


/s/ Joel H. Slomsky,
JOEL H. SLOMSKY, J.

---

The Third Circuit has commented, however, on the definition of "custody" for purposes of Section 751 in the context of a prisoner who was released prematurely based on falsified documents. United States v. Small, 793 F.3d 350 (3d Cir. 2015). The Third Circuit agreed with the decisions of other circuits, noting that custody does not require "direct physical custody at any point by the Attorney General or her agents," because such a requirement "would essentially read out the section [of Section 751] criminalizing escape from 'custody . . . by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge.'" Small, 793 F.3d at 354.

The Court finds the reasoning of the Second, Eighth, and Tenth Circuits persuasive. Furthermore, the Third Circuit's definition of custody supports the conclusion that Defendant Jayson Barriera-Camacho was in custody at the Kintock RRC when he left and failed to return. Therefore, the Court will deny Defendant's Motion to Dismiss the Indictment (Doc. No. 14).